# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                         RESPONDENT

v.                  Criminal No.    6:14-cr-60009
                     Civil No.        6:17-cv-6018

STEVEN HARRIS                                   MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant is Steven Harris ("Harris") who is proceeding *pro se*. On January 30, 2017, Harris filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 36.[1] After being directed by the Court to respond, the Government filed a response to this Motion. ECF No. 40. This matter is ripe for decision.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the Response; and based upon that review, recommends this Motion be **DENIED**.

**1.**     **Procedural Background**:[2]

Harris was named in a five count indictment with receiving child pornography and possession of child pornography in violation of Title 18 U.S.C. §2252(a)(2) & (b)(1) & A(a)(5)(B)&(b)(2). On March 25, 2014, Harris appeared with counsel and entered a plea of not guilty as to all counts. ECF No. 5.

---

[1] Harris also filed a Motion to Amend his § 2255 Motion. ECF No. 39. The Court has reviewed this Motion to Amend and will consider it a supplement to his original Motion.

[2] The procedural background is taken from the Motion and Response as well as the Court's docket in this matter.

On February 5, 2015, Harris pled guilty to Count Five of the Indictment, possession of child pornography. ECF No. 23. The plea of guilty was pursuant to a written Plea Agreement entered into between the parties. ECF No. 24. As part of the written Plea Agreement, Harris admitted he downloaded two files containing child pornography from a publicly shared folder on his computer. Harris, and his counsel, signed the Plea Agreement where in exchange for the Government's concessions in the Plea Agreement, Harris waived any right to appeal or to collaterally attack his conviction and sentence. *Id.* United States District Judge Susan O. Hickey accepted his plea of guilty and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG). ECF No. 23.

On April 27, 2015, the United States Probation Office filed Harris' PSR. ECF No. 28. The PSR assessed a base offense level of 18. ECF No. 28, Pg. 5. The PSR also recommended several enhancements totaling 15 points. *Id.* Harris received three-levels off for acceptance of responsibility, giving him a total offense level of 30. *Id.* Harris had a criminal history score of 0 which placed him in category I. ECF No. 28, Pg. 6-7. In this matter, the statutory maximum term of imprisonment was 10 years pursuant to 18 U.S.C. § 2252A(b)(2). ECF No. 28, Pg. 9. Harris' guideline range was 97 months to 121 months. However, because the statutory maximum term of 10 years applied, the guidelines range became 97 months to 120 months. *Id.*

On June 30, 2015, Harris appeared for sentencing. ECF No. 33. There were no objections and the Court adopted the PSR. Harris filed a Sentencing Memorandum seeking a variance from the advisory guideline range of 97-120 months imprisonment. ECF No. 31. Harris argued he should be sentenced to 60 months probation. *Id.* Judge Hickey considered the arguments, departed below the recommended sentence from the USSG (Statement of Reasons, ECF No. 35, p. 3.) and sentenced

Harris to 46 months imprisonment and 5 years supervised release. ECF No. 33. Harris did not appeal his conviction.

On January 30, 2017, Harris filed this § 2255 motion and requests this Court to vacate his current sentence and re-calculate his offense level without application of the § 2G2.2(b)(3)(F) enhancement. ECF No. 36. On March 24, 2017, the Government responded to this Motion. ECF No. 40. In this response, the Government claims Harris' Motion is time-barred. *Id.* In the alternative, the Government claims that even if Harris' Motion is not time-barred, Harris has failed to meet the requirements for relief under § 2255. *Id.* This Motion is now ripe for consideration.

**2.** **Applicable Law:**

A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.** **Discussion**:

In the substantive portion of his Motion, Harris claims this Court should vacate his current sentence and re-calculate his offense level without application of the 2-level enhancement from USSG § 2G2.2(b)(3)(F). Upon review, I find this Motion is time-barred. Further, even if timely filed, his claim fails.

**a. Statute of Limitations:** The Government argues Harris' Motion was not timely filed. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

(f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), a judgment may become final at different times, depending upon when a defendant's options for further direct review are foreclosed. *See United States v. Gamble*, 308 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000). When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987). In a criminal case, the defendant has fourteen (14) days to file a notice of appeal. *See* FED. R .APP. PROC. 4(b)(1)(A). If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final. If a defendant does not file petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

In the present case, the judgment was entered on July 6, 2015. ECF No. 34. Any notice of appeal was due fourteen days later. *See* FED. R. APP. P. 4(b)(1)(A). Because Harris did not appeal his conviction, it became final for purposes of § 2255 on July 20, 2015. Accordingly he had until July 20, 2016 in which to file the instant Motion. Harris actually filed the instant Motion on January 30, 2017. This was more than 6 months past the one-year deadline to file. His Motion is untimely and should be denied and dismissed, unless some exception applies.

**b. Statutory Tolling is Not Applicable**: The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). The § 2255 Motion filed by Harris sets forth nothing in support of any of these grounds to extend the one year limitations period. There is, therefore, no factual basis to find that any of the § 2255(f)(2-4) statutory provisions apply to this case to extend the one year limitations period beyond the date when the judgment of conviction became final. Unless equitable tolling applies, the motion was not timely filed and should be dismissed.

**c. Equitable Tolling is Not Applicable**: The Eighth Circuit has held the doctrine of equitable tolling is available to a § 2255 motion, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See*

*Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Harris has not alleged any extenuating circumstances beyond his control prevented a timely filing, nor has he even relied on the doctrine of equitable tolling. He does not claim some Government action made it impossible or difficult for him to uncover the facts that he now asserts in support of his claims. He does not allege the Government somehow lulled him into inaction. He does not refer to any extraordinary circumstances, attributable to the Government or to any other external cause, that prevented him, in the exercise of reasonable diligence, from discovering the facts upon which his claims are based soon enough to enable him to bring a timely habeas petition. In sum, Harris has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed as untimely.

**d. USSG § 2G2.2(b)(3)(F) Claim**: Harris's substantive claim is that USSG § 2G2.2(b)(3)(F) was wrongly applied to his case. First, I note the courts have "consistently held 'that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.'" *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(*quoting United States v. Auman*, 67 F.3d 157, 161 (8th Cir. 1995). Here, assuming Harris is correct about the misapplication of § 2G2.2(b)(3)(F), his total offense level as calculated by the PSR would have been 2-levels lower or level 28. He remained Criminal History Category I. The USSG

advisory guideline range in that instance would have been 78-97 months imprisonment. Harris was sentenced by Judge Hickey to 46 months imprisonment, well below what Harris now suggests is the appropriate advisory guideline range of imprisonment. Judge Hickey explicitly varied below the advisory guideline range because of the factors set out in 18 U.S.C. § 3553(a)(1). ECF No. 35, p. 4, Statement of Reasons. Even if the advisory guidelines were calculated wrongly, there is no "miscarriage of justice" here to allow § 2255 relief in this instance as he was sentenced well below that advisory range. His claim should be denied on the merits as well.

**4.  Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Harris is clearly not entitled to the relief he seeks.[3] Further, I find Harris has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.  Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF No. 36) be **DENIED** and dismissed with prejudice. I also recommend Harris' Motion To Amend (ECF No. 39) be **DENIED AS MOOT**. I also recommend any request of a certificate of appealability be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[3]"A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).

**reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **23rd day of August 2017.**

                                                        /s/ Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE